[Cite as *State v. Armstrong*, 2016-Ohio-5610.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 15CA111 |
| ALVIN ARMSTRONG | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas, Case No. 2015-CR-145 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 22, 2016 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| BAMBI COUCH PAGE<br>Prosecuting Attorney<br>Richland County, Ohio | ROBERT GOLDBERGER<br>10 West Newlon Place<br>Mansfield, Ohio 44902 |
| By: DANIEL M. ROGERS<br>Assistant Prosecuting Attorney<br>Richland County Prosecutor's Office<br>38 S. Park Street<br>Mansfield, Ohio 44902 | |

*Hoffman, J.*

{¶1}  Defendant-appellant Alvin Armstrong appeals his conviction entered by the Richland County Court of Common Pleas on one count of possession of a deadly weapon, in violation of R.C. 2923.131(B), a felony the first degree due to Appellant's previous conviction for murder in Cuyahoga C.P. No. CR-13-577848. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On June 7, 2014, Mansfield Correctional Institution Corrections Officer Mark Bumpus was approached by Inmate Mani Rahman, who reported he had been threatened by Appellant with a homemade knife, known as a "shank." Officer Bumpus went to Appellant's cell to investigate.  Officer Bumpus observed Appellant standing in the middle of the cell and another inmate, Deron Evans, was on the top bunk of a bed. Officer Bumpus inquired of Appellant whether he had a shank, and Appellant denied the same. Officer Bumpus then asked Corrections Officer Jeremiah Drake to check outside of Appellant's cell window to see whether Appellant had thrown the knife outside.

{¶3}  Officer Bumpus then viewed Appellant's cell through a small window, observing Appellant "trying to find a place to hide something." He saw Appellant trying to open the cell window, and when it did not open, Appellant seemed to "panic." Appellant then looked to a mesh nylon laundry bag hanging on the cell door. Appellant placed the shank in the laundry bag.

{¶4}  Officer Bumpus then opened the cell door and proceeded to cuff Appellant. In the process, Appellant's leg hit the laundry bag, and the shank dropped to the floor.

{¶5} Appellant was indicted on one count of possession of a deadly weapon while under detention, in violation of R.C. 2923.131(B), a felony of the first degree due to Appellant's previous conviction for murder in Cuyahoga C.P. No. CR-13 577848, the conviction for which he was incarcerated.

{¶6} Following a jury trial, Appellant was convicted of the charged offense. The trial court sentenced Appellant to four years in prison to be served consecutive to the previous sentence for which Appellant was incarcerated, along with five years of post-release control.

{¶7} Appellant appeals, assigning as error,

{¶8} "I. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT BY THE FAILURE OF HIS ATTORNEY TO EFFECTIVELY REPRESENT HIM."

I.

{¶9} Appellant asserts he was denied the effective assistance of counsel due to trial counsel's failure to object to witness' speculation he was trying to hide something; the trial court's leading questioning of witnesses, and trial counsel's failure to present an alternative defense.

{¶10} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption, under the circumstances, the challenged action 'might

be considered sound trial strategy.' " *Id.* at 689, 104 S.Ct. 2052, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶11} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052.

{¶12} Even if a defendant shows counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

{¶13} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley,* 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989) quoting *Strickland* at 697, 104 S.Ct. 2052. Accordingly, we will direct our attention to the second prong of the *Strickland* test.

{¶14} Appellant maintains counsel was ineffective in failing to object to Officer Bumpus' testimony he was "trying to hide something." Officer Bumpus then elaborated Appellant was trying to open the window to his cell.

{¶15} Appellant was charged with possession of a deadly weapon, in violation of R.C. 2923.131(B), which reads, (B) "No person under detention at a detention facility shall

possess a deadly weapon." The statute does not require intent to hide or conceal; rather, the statute only requires possession. Inmate Rahman reported Appellant had threatened him with a shank. Officer Bumpus and Officer Drake both testified they saw Appellant put something in the laundry bag and the item later was discovered to be a shank. The record demonstrates ample evidence Appellant possessed the weapon herein; therefore, Appellant has not demonstrated prejudice as a result of any alleged error in allowing the testimony of Officer Bumpus. Appellant cannot satisfy the second prong of *Strickland* by showing a reasonable probability exists the outcome would have been different but for the admission of the challenged testimony.

{¶16} Appellant further argues trial counsel was ineffective in failing to object to the leading questions posed by the trial court herein in questioning Officer Bumpus. However, failure to object to leading questions on direct examination does not constitute ineffective assistance of counsel. *State v. Jackson*, 92 Ohio St.3d 436, 751 N.E.2d 946 (2001). Counsel may have declined to object to leading questions posed by the trial court based upon tactical considerations. Further, Appellant has not demonstrated but for the alleged error of trial counsel the outcome of the proceedings would have been different, pursuant to the second prong of *Strickland*. Therefore, Appellant cannot demonstrate counsel was ineffective in failing to object to the questions posed by the trial court.[1]

{¶17} Finally, Appellant maintains trial counsel was ineffective in failing to argue an alternative theory of defense maintaining another person actually possessed the shank, specifically Inmate Evans or Inmate Rahman. However, Appellant did not testify

---

[1] The questions largely centered on the holes in the mesh nylon laundry bag in the explanation of the shank dropping to the cell floor.

at trial, and the decision not to call either Evans or Rahman as witnesses is a tactical decision made by counsel, not to be second guessed on appeal. Further, it is highly unlikely either would have incriminated themselves by admitting possession of the shank. The record demonstrates ample evidence Appellant possessed the weapon herein, including the threat made by Appellant to Rahman with the shank. Officer Bumpus' testified as to Appellant trying to open the window, panicking, and hiding the shank in the laundry bag. Officer Drake then testified as to witnessing Appellant with the shank in his hand.

{¶18} Appellant cannot demonstrate, but for the alleged errors, the outcome of the trial would have been otherwise; therefore, Appellant has not demonstrated the ineffective assistance of counsel in failing to offer an alternative theory of defense.

{¶19} Appellant's sole assignment of error is overruled.


By: Hoffman, J.

Farmer, P.J. and

Delaney, J. concur